UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE PICTUREWALL CO., INC.,

    Plaintiff,

    v.

SANDRA E. RICE,

    Defendant.
_____/

No. C 09-5442 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant Sandra E. Rice's ("Rice" or "Defendant") motion for an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction came on for hearing on April 24, 2010. Rice appeared by her counsel Gregory Beggs and John Edwards, and plaintiff The Picturewall[1] Co., Inc. ("Picturewall" or "Plaintiff") appeared by its counsel Steven Nielsen. Having fully reviewed the parties' papers and considered the arguments of counsel, and good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

**BACKGROUND**

The underlying cause of action is a declaratory judgment patent infringement case. Picturewall is the owner of U.S. patent 6,880,259, issued on April 19, 2005. (Compl. ¶ 5.) Rice is the owner of U.S. patent 6,618,955, issued on September 16, 2003. Both of these patents are for a system designed to assist in the placement of multiple wall hangings.

Picturewall filed this suit after receiving two letters of infringement from Rice. Picturewall filed this claim in the Northern District of California alleging two causes of

---

[1] The parties refer alternatively to Picturewall as PictureWall. The record is unclear which version is correct, but the court utilizes Picturewall throughout this order.

action: (1) declaratory judgment for non-infringement of the patent-in-suit, and (2) declaratory judgment of unenforceability. (Compl. ¶¶ 51-70.)

Picturewall has its main and only office in San Rafael, California, in the Northern District of California. (Compl. ¶ 9.) Rice is a retired home decorator who lives in Darien, Illinois, 20 minutes southwest of Chicago. (Rice Decl. ¶¶ 1-2.)

Rice now moves the court to dismiss Picturewall's suit for lack of personal jurisdiction in the Northern District of California. Rice moves in the alternative to transfer venue to the Northern District of Illinois; however, because the first motion is dispositive, the court does not reach this second motion.

## DISCUSSION AND ANALYSIS

A.  Legal Standard

Upon review of jurisdictional rulings in patent cases, regardless of where the case originated, the Federal Circuit applies Federal Circuit case law "because the jurisdictional issue is intimately involved with the substance of the patent laws." Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal citations omitted). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." Avocent Huntsville Corp. v. Aten Int'l. Co., Ltd., 552 F.3d 1324, 1329 (Fed. Cir. 2009) (internal citations omitted). California's long-arm statute is coextensive with the limits of due process, so "the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." Autogenomics, 556 F.3d at 1017.

Due process requires that the defendant have "certain minimum contacts" with a foreign forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Avocent, 552 F.3d at 1329 (internal citations omitted).

Specific jurisdiction "must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and

1 systematic." Id. To establish specific personal jurisdiction over a defendant outside of the
2 forum, a plaintiff must demonstrate that "the defendant has 'purposefully directed' his
3 activities at residents of the forum, Keeton v. Hustler Magazine, Inc., [465 U.S. 770, 774
4 (1984)], and the litigation results from alleged injuries that 'arise out of or relate to' those
5 activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citing Helicopteros
6 Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

7     A district court may exercise specific personal jurisdiction over the defendant subject
8 to a three part test: "(1) the defendant purposefully directed its activities at residents of the
9 forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal
10 jurisdiction is reasonable and fair." Autogenomics, 566 F.3d at 1018.

11     For "policy considerations unique to the patent context . . . letters threatening suit for
12 patent infringement sent to the alleged infringer by themselves do not suffice to create
13 personal jurisdiction." Avocent, 552 F.3d at 1333 (internal citations omitted). "[T]o exercise
14 jurisdiction in such a situation would not comport with fair play and substantial justice." Id.

15 B.    Legal Analysis

16     The defendant argues that this court has neither general nor specific personal
17 jurisdiction over the defendant, and the case should therefore be dismissed. Plaintiff
18 disclaims reliance on the court's exercise of general jurisdiction, but contends that the court
19 has specific personal jurisdiction over the defendant via two efforts that the defendant
20 made to market and license her patent.

21     1.    Defendant's Counsel's Letters to Picturewall

22     On Sept. 29, 2009 and November 4, 2009, Rice's lawyer sent letters to Picturewall
23 informing Picturewall of the alleged patent infringement and asking if Picturewall was
24 interested in a license under the defendant's patent. The complaint specifically cites to
25 these two letters as the basis for personal jurisdiction in the Northern District of California.
26 (Compl. ¶¶ 11, 14.)

27     Federal Circuit precedent is clear on this issue. See Autogenomics, Inc. v. Oxford
28

3

Gene Tech. Ltd., 566 F.3d 1012 (Fed. Cir. 2009); Avocent Huntsville Corp. v. Aten Int'l. Co., Ltd., 552 F.3d 1324 (Fed. Cir. 2009); Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998)).  For "policy considerations . . . letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction."  Avocent, 552 F.3d at 1333.  It would be patently unfair for a declaratory judgment defendant to submit herself to personal jurisdiction in a foreign jurisdiction solely through informing a party in that jurisdiction of suspected patent infringement.  See id.  Therefore, something more than an infringement letter is required for specific personal jurisdiction.  Id.

The letters sent by Rice's counsel to Picturewall are standard infringement letters intended to give notice of suspected infringement.  (See Compl. Exhibits 2, 3.)  Although Rice's lawyer did offer to sell Picturewall a license under Rice's patent, this offer was made under the shadow of suspected ongoing patent infringement by Picturewall.  Therefore, any implication that Rice sent these letters to market her product to Picturewall misconstrues the facts of the case.  To the extent that plaintiff's opposition brief argues that the letters were a purposefully directed attempt to market her patent, the argument fails.

As the case law clearly mandates, the court concludes it does not have specific personal jurisdiction over Rice, based on the letters sent to Picturewall by Rice's attorney.

2.   National Marketing Company

Although the complaint alleged that the infringement letters were the grounds for personal jurisdiction in the Northern District of California, (See Compl. ¶¶ 11, 14), the personal jurisdiction section of Picturewall's opposition brief relies upon a completely distinct argument: Rice's efforts to market her invention from 2004-2006 were directed, in part, at California, so she subjected herself to personal jurisdiction in California.

In 2004, in an attempt to promote her patent, Rice hired Millennium Marketing Group, Ltd. ("MMG") to market her invention. (Rice Decl. ¶ 7.)  MMG told Rice that it would send promotional kits to 43 companies in various states and promote her invention at trade

4

shows in Las Vegas, Chicago, and Atlanta. (Rice Decl. ¶ 7.) Rice did not receive a response from anyone in California from these promotional activities. Further, Rice's contract with MMG expired on May 4, 2006.

The thrust of Picturewall's argument is: Rice hired MMG to promote her patent to 43 companies "in various states;" logical inference suggests that one of the companies was located in California; thus Rice subjected herself to personal jurisdiction in California.

This argument is impermissibly speculative. The court does not deem it proper to infer (on absolutely no factual basis) for jurisdictional purposes that some of these promotional kits were sent to California. Moreover, even if some of the kits did go to California, they are distinct in time and circumstance from the current claims. Finally, and most importantly, the declaratory judgment claims alleged by Picturewall in this action do not "arise out of or relate to" any marketing attempts by Rice per the three part Autogenomics test. See Autogenomics, 566 F.3d at 1018. This last point is clearly articulated by the Avocent decision:

> [I]n the context of an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability, the patentee is the defendant, and the claim asserted by the plaintiff relates to the wrongful restraint by the patentee on the free exploitation of non-infringing goods such as the threat of an infringement suit. Thus, the nature of the claim in a declaratory judgment action is to clear the air of infringement charges. Such a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit. The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities.

Avocent, 552 F.3d at 1332 (citations omitted) (emphasis added).

The import of the quoted text of the Avocent decision is that Rice's efforts to promote her invention neither gave rise to nor relate to Picturewall's declaratory judgment causes of action. Further, the only patent enforcement actions that Rice has taken against Picturewall has been the two infringement letters, and Federal Circuit precedent establishes that infringement letters cannot be a basis for specific personal jurisdiction.

5

See above Part B.1. Therefore, Picturewall has not established a basis for personal jurisdiction over Rice in the Northern District of California.

In sum, Picturewall has not established that the Northern District of California has personal jurisdiction over the defendant. Both of Picturewall's stated bases for personal jurisdiction – infringement letters and national marketing campaign – fail. Therefore, pursuant to Fed. R. Civ. P. 12(b)(2), the court dismisses the case without prejudice.

C.  Conclusion

For the reasons stated above, the court finds that it does not have personal jurisdiction over the defendant and hereby GRANTS Rice's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). The dismissal is without prejudice to plaintiff's ability to re-file its action in the appropriate forum.

**IT IS SO ORDERED.**

Dated: April 29, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge